

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-20-00251-CR

---

RICKY PENICK, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 272nd District Court
Brazos County, Texas
Trial Court No. 11-02461-CRF-272, Honorable Travis B. Bryan III, Presiding

---

January 4, 2021

## ABATEMENT AND REMAND

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appellant, Ricky Penick, Jr., appeals from the trial court's judgment revoking his community supervision for the offense of driving while intoxicated. The appellate record was originally due November 9, 2020. The clerk's record was timely filed. However, the reporter's record was not filed because appellant did not request preparation or make payment arrangements for the record. *See* TEX. R. APP. P. 20.2; 35.3(b)(2), (3). By letter of November 10, 2020, we directed appellant to do so by November 20, or we would remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 37.3(a)(2).

On November 19, 2020, appellant's counsel filed a letter with the clerk of this court representing that ". . . per the Court's order, I have requested the preparation of the reporter's record via email (see attached) and will hand deliver a check as soon as I have a dollar amount." The reporter has since notified the court that although she sent an invoice to appellant's counsel on November 19, appellant has not made payment arrangements for the record to date.

Accordingly, we abate the appeal and remand the cause to the trial court to determine the following:

(1)     whether appellant still desires to prosecute the appeal;

(2)     whether appellant is entitled to have the reporter's record furnished without charge pursuant to Rule of Appellate Procedure 20.2; and

(3)     if appellant is not entitled to have the reporter's record furnished without charge, the date appellant will make acceptable payment arrangements for the reporter's record.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental clerk's record and cause that record to be filed with this court by January 21, 2021. Should further time be needed to perform these tasks, then same must be requested before January 21, 2021.

It is so ordered.

Per Curiam


Do not publish.